UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MARQUIS THOMPSON-HOUSTON,<br><br>    Plaintiff,<br><br>v.<br><br>CREDIT ONE BANK, N.A.; and<br>EXPERIAN INFORMATION<br>SOLUTIONS, INC.,<br><br>    Defendants. | Case No.: 1:25-cv-1170<br><br>**Complaint for Damages:**<br>    **Violation of Fair Credit**<br>    **Reporting Act** |

    Plaintiff, Marquis Thompson-Houston, by and through undersigned counsel, upon information and belief, hereby complains as follows:

## I.  INTRODUCTION

    1.    This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") whereby Plaintiff discovered inaccurate information reporting on their consumer credit report, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

## II.  PARTIES

    2.    At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(3).

    3.    Defendant, Credit One Bank, N.A. ("Credit One") is and at all times relevant hereto was, a lending institution regularly doing business in the State of Michigan.

    4.    At all times pertinent hereto, Defendant Credit One is a "person" as that term is defined in 15 U.S.C. §1681a(b), and also a "furnisher" of credit information as

that term is described in 15 U.S.C. §1681s-2 *et seq.*

5. Defendant Credit One was at all relevant times engaged in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

6. Defendant Credit One is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

7. Defendant Experian Information Solutions, Inc. ("Experian") is a corporation existing under the laws of Michigan and at all times relevant hereto was regularly doing business in the State of Michigan.

8. Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

9. Experian furnishes such consumer reports to third parties under contract for monetary compensation.

10. At all times pertinent hereto, Defendant Experian was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

### III. JURISDICTION AND VENUE

11. This Court has jurisdiction over this action pursuant to 15 U.S.C. §1681p and 28 U.S.C. §1331.

12. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

13. Personal jurisdiction exists over Defendants as Plaintiff resides in Michigan, Defendants have the necessary minimum contacts with the state of Michigan, and this suit arises out of specific conduct with Plaintiff in Michigan.

## IV. FACTUAL ALLEGATIONS

14. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants Credit One and Experian (collectively, "Defendants") and has suffered particularized and concrete harm.

15. Experian is one of the largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681a(f).

16. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

17. Experian has a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681e(b).

18. After reviewing Plaintiff's consumer credit report Plaintiff discovered his Credit One account CREDIT ONE BANK NA 3793XXXXX and (the "Account") being reported in error.

19. The one debt of the Account is being reported twice.

20. Credit One assigned the Account to Portfolio.

21. Once assigned the Account, Portfolio began reporting the Account on Plaintiff's consumer report.

22. Portfolio reports the Account with a balance past due on Plaintiff's Experian report.

23. Because Credit One and Portfolio both report the Account with a balance past due on Plaintiff's consumer report, Plaintiff's outstanding debt and number of adverse and delinquent accounts are overstated.

24. The Account is reported with a different account number and different open date by Credit One and Portfolio.

25. The inaccurate Account has become a permanent component of the

Plaintiff's credit profile and is reported to those who ask to review the credit history of Plaintiff.

26. The false information regarding the Account appearing on Plaintiff's consumer report harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

## PLAINTIFF'S WRITTEN DISPUTE

27. On or about July 11, 2025, Plaintiff sent a written dispute to Experian ("Experian Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's Experian consumer report.

28. Despite the clarity and detail provided in the Experian Dispute the Account continued to appear twice on Plaintiff's Experian consumer report with a balance past due.

29. Upon information and belief, Experian forwarded Plaintiff's Experian Dispute to Defendant Credit One.

30. Upon information and belief, Credit One received notification of Plaintiff's Experian Dispute from Experian.

31. Credit One did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying Account information with respect to the disputed information and the accuracy of the Credit One Account.

32. Experian did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

33. Upon information and belief, Credit One failed to instruct Experian to remove the false information regarding the Account reporting on Plaintiff's consumer report.

34. Experian employed an investigation process that was not reasonable and did not remove the false information regarding the Account identified in Plaintiff's Experian Dispute.

35. At no point after receiving the Experian Dispute did Credit One and/or Experian communicate with Plaintiff to determine the veracity and extent of Plaintiff's Experian Dispute.

36. Experian relied on their own judgment and the information provided to them by Credit One rather than grant credence to the information provided by Plaintiff.

37. Experian published the false information regarding the Account to third parties.

38. The Plaintiff was denied credit and/or refrained from needed credit applications due to the erroneous information associated with the Account.

39. Plaintiff has lost time working to resolve the adverse information associated with the Accounts to prevent harm.

<u>**COUNT I – EXPERIAN**</u>

<u>**FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)**</u>

40. Plaintiff re-alleges and reaffirms the above paragraphs 1-39 as though fully set forth herein.

41. After receiving the Experian Dispute, Experian failed to correct the false information regarding the Account reporting on Plaintiff's Experian consumer report.

42. Defendant Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Experian published and maintained concerning Plaintiff.

43. As a result of this conduct, action and inaction of Defendant Experian

Plaintiff suffered damage and continues to suffer actual damages including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

44. Defendant Experian's conduct, action, and inaction were willful, rendering Defendant Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

45. In the alternative, Defendants Experian was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

46. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – EXPERIAN
## FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

47. Plaintiff re-alleges and reaffirms the above paragraphs 1-39 as though fully set forth herein.

48. After receiving the Dispute, Experian failed to correct the false information regarding the Account reporting on Plaintiff's Experian consumer report.

49. Defendants Experian violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

50. As a result of this conduct, action and inaction of Defendants Experian Plaintiff suffered damage and continues to suffer actual damages including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal

and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

51.     Defendants Experian's conduct, action, and inaction were willful, rendering Defendants liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

52.     In the alternative, Defendant Experian was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

53.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT III – CREDIT ONE
### Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b)

54.     Plaintiff re-alleges and reaffirms the above paragraphs 1-39 as though fully set forth herein.

55.     After receiving the Disputes, Credit One failed to correct the false information regarding the Credit One Account reporting on Plaintiff's consumer reports.

56.     Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant Credit One's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant Credit One's representations to consumer credit reporting agencies, among other unlawful conduct.

57.     As a result of this conduct, action, and inaction of Defendant Credit One, Plaintiff suffered damages and continues to suffer actual damages including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal

and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

58. Defendant Credit One's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

59. In the alternative, Defendant Credit One was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

60. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Credit One pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Jury trial;
B. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;
C. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;
D. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and
E. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Respectfully submitted September 30, 2025.

*/s/ Joseph Panvini*

Joseph Panvini, Esq.
McCarthy Law, PLC
9200 E. Pima Center Pkwy. Ste. 300
Scottsdale, AZ 85258
Telephone: (602) 612-5016
Fax: (602) 218-4447
Joe.Panvini@mccarthylawyer.com
Attorney for Plaintiff